UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Alveto Rivera, | Civ. No. 22-1129 (KMM/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

---

Alveto Rivera, MCF Moose Lake, 1000 Lakeshore Drive, Moose Lake, MN 55767, *pro se*.

---

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on Petitioner Alveto Rivera's (1) Petition for Writ of Mandamus (Doc. No. 1, Petition); (2) Motion for Leave to Proceed in Forma Pauperis (Doc. No. 2, IFP Application); and (3) filing titled "Petition Motion for a Waiver to File the Number of Copies" (Doc. No. 4, Copies Motion). For the following reasons, the Court recommends dismissing this action without prejudice for lack of jurisdiction and further recommends denying the IFP Application and Copies Motion as moot.

The Court received Rivera's documents on April 29, 2022. (*See* Doc. Nos. 1–4.) The Petition requests a writ of mandamus concerning Rivera's state-court prosecution in *State v. Rivera*, No. 27-CR-08-38132 (Minn. Dist. Ct.). (*See* Pet. at 1.) Authorities began that matter in July 2008 by issuing a warrant charging Rivera with two counts of first-degree criminal sexual conduct (in violation of Minn. Stat. § 609.342, subd. 1(a) (2007)).

*See* Register of Action, *State v. Rivera*, No. 27-CR-08-38132 (Minn. Dist. Ct.) ("*Rivera* State-Court Docket").[1] In January 2009, Rivera pleaded guilty to one of the counts. *See State v. Rivera*, No. A09-1023, 2010 WL 1657400, at *1 (Minn. Ct. App. Apr. 27, 2010). In March 2009, the trial court sentenced Rivera to 270 months of imprisonment. *See id*. Since his sentencing, Rivera has repeatedly challenged his conviction – by direct appeal, state-court petitions for postconviction review, and at least two federal-court habeas petitions. *See Rivera* State-Court Docket (showing direct appeal and petitions for postconviction relief); *Rivera v. King*, No. 10-CV-3954 (RHK/FLN), Doc. No. 1 (D. Minn. Sept. 16, 2010) (comprising first federal habeas petition); *Rivera v. Smith*, No. 13-CV-2643 (SRN/FLN), Doc. No. 1 (D. Minn. Sept. 26, 2013) (comprising second federal habeas petition).

The present Petition asks this Court to force the state trial court to "enforce the terms of [Rivera's] plea agreement." (Pet. at 1.) According to Rivera, when he entered into his plea agreement, "the prosecutor deal was that [Rivera was] to receive only a 270 months sentence." (*Id.* at 3.) The trial judge, however, further sentenced Rivera to lifetime supervised release after his prison sentence, as well as lifetime sex-offender registration. (*See id.*; *Rivera* State-Court Docket.) Rivera argues that the state court has

---

[1] The *Rivera* State-Court Docket is not attached to any of this action's filings. As a public court record, however, the Court may take judicial notice of it. *See, e.g., United States v. Schneider*, 905 F.3d 1088, 1092 n.1 (8th Cir. 2018) (citing *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005)); *Aery v. Unknown Beltrami Cnty. Deputies*, No. 21-CV-2373 (KMM/DTS), 2022 WL 843939, at *5 (D. Minn. Mar. 22, 2022) (quoting *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012)).

thus failed to follow the terms of his plea agreement. (*See* Pet. at 3.) As a result, he claims, this Court should issue a writ of mandamus forcing the state court to either comply with the plea agreement's terms or let Rivera withdraw his plea. (*See id.*; *see also id.* at 8.)

This Court cannot provide the relief that Rivera seeks. Rivera contends that this Court has jurisdiction here based on 28 U.S.C. § 1361. (*See* Pet. at 1.) Under § 1361, federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." (Emphasis added.) As the italics here suggest, § 1361 only generates federal jurisdiction over mandamus actions aimed at *federal* officials. It does not create federal-court jurisdiction over actions, like this one, that seek mandamus relief from *state* courts or *state* officials. *See, e.g.*, *Udoh v. Clerk of the Minn. App. Cts.*, No. 21-CV-1031 (PJS/HB), 2021 WL 2010778, at *1 (D. Minn. May 20, 2021); *Arens v. Minnesota*, No. 13-CV-3009 (DSD/JSM), 2013 WL 6277499, at *3 (D. Minn. Dec. 3, 2013) (citing cases).

To be sure, Rivera also cites (*see* Pet. at 13) the All Writs Act, 28 U.S.C. § 1651(a), under which "[t]he Supreme Court and all courts established by Act of Congress may issue all writs *necessary or appropriate in aid of their respective jurisdictions* and agreeable to the usages and principles of law." (Emphasis added.) The writ that Rivera requests here, though, does not qualify – it is not a writ in aid of this court's proper jurisdiction. *See, e.g.*, *Udoh*, 2021 WL 2010778, at *1 & n.2 ("Udoh cannot obtain a writ of mandamus pursuant to § 1651 because . . . this Court has no

3

authority to issue a writ of mandamus telling a state court how it must perform its judicial duties.") (citing cases); *see, also, e.g.*, *Roberts v. Payne*, No. 21-CV-0441 (LPR/PSH), 2021 WL 7629438, at *2 (E.D. Ark. Oct. 5, 2021) ("[F]ederal courts have limited authority to issue writs of mandamus, and that authority does not extend to state or local officials unless federal jurisdiction otherwise exists.) (citing §§ 1361 and 1651(a)), *report and recommendation adopted*, 2022 WL 865822 (E.D. Ark. Mar. 22, 2022).[2]

For the above reasons, the Court concludes that it lacks jurisdiction over this action. It therefore recommends dismissing this action without prejudice for lack of jurisdiction. This leaves the IFP Application (which asks the Court to let Rivera proceed *in forma pauperis* here) and the Copies Motion (which asks the Court to waive certain filing requirements concerning document copies). Given the Court's dismissal recommendation, the Court further recommends denying these other motions as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   This action be **DISMISSED** without prejudice for lack of jurisdiction.

---

[2]   In some places, the Petition reads like an action for habeas relief under 28 U.S.C. § 2254. This is not surprising – after all, Rivera seeks federal-court correction of a state-court sentence. To the extent the Petition hints at § 2254, however, it cannot proceed. Among other potential problems, it would be a "second or successive habeas corpus application," given Rivera's earlier § 2254 petitions. And there is no indication that Rivera has sought—much less received—authorization from the U.S. Court of Appeals for the Eighth Circuit to bring such a challenge. *Cf.* 28 U.S.C. § 2244(b) (setting strict limits on "second or successive" applications).

2.       Petitioner Alveto Rivera's Motion for Leave to Proceed in Forma Pauperis (Doc. No. 2) and filing titled "Petition Motion for a Waiver to File the Number of Copies" (Doc. No. 4) be **DENIED** as moot.

Dated: May 27, 2022                                      *s/ Becky R. Thorson*
                                                        BECKY R. THORSON
                                                        United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).