UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alveto Rivera, | Case No. 22-cv-1129 (KMM/BRT) |
| Petitioner, | |
| v. | **ORDER** |
| State of Minnesota, | |
| Respondent. | |

Petitioner Alveto Rivera objects to Magistrate Judge Becky R. Thorson's recommendation that this case be dismissed without prejudice for lack of jurisdiction. [Report and Recommendation ("R&R"), ECF No. 5; Objections, ECF Nos. 6, 7[1]]. The Court reviews de novo any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b). In the absence of objections, the Court reviews the R&R for clear error. *Nur v. Olmsted County*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b) and *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District court judges "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.

---

[1] Mr. Rivera's submissions at docket entries 6 and 7 appear to be substantially the same document comprising his objections to the R&R.

1

R. Civ. P. 72(b)(3). Applying these standards, the Court concludes that the Magistrate Judge's R&R contains no error, clear or otherwise.

Mr. Rivera is currently serving a 270-month prison sentence after pleading guilty to a state charge of criminal sexual conduct. *State v. Rivera*, No. 27-CR-08-38132 (Minn. Dist. Ct.). The R&R explains that Mr. Rivera's mandamus petition asks this Court to force the state trial court to "enforce the terms of [Rivera's] plea agreement." [R&R at 2 (citing ECF No. 1 at 1)]. Mr. Rivera alleges that although his plea agreement was for only a 270-month sentence, the trial judge imposed an additional term of lifetime supervised release after his prison sentence, as well as lifetime sex-offender registration. [*Id.* (citing ECF No. 1 at 3)]. The R&R concludes that the Court lacks jurisdiction to provide the relief Mr. Rivera seeks under either statutory provision relied upon in the Petition—the mandamus statute, 28 U.S.C. § 1361, is unavailing because it applies only to federal officials; and the All Writs Act, 28 U.S.C. § 1651(a), is of no help to Mr. Rivera because a writ to instruct a state court to perform judicial functions is not a writ in aid of this Court's proper jurisdiction. [*Id.* at 3–4].

Mr. Rivera's objections to the R&R are straightforward: he argues that the Magistrate Judge erred as a matter of law in concluding that neither § 1361 nor § 1651 confers jurisdiction in this matter. Mr. Rivera asserts that he is entitled to a writ of mandamus because he has given the Minnesota courts an opportunity to correct what he sees as an illegal sentence and to enforce the terms of the original plea agreement,

and they have failed to do so. [ECF No. 6 at 3]. Unfortunately for Mr. Rivera, the R&R got it right on both counts.

First, take § 1361. It provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mr. Rivera's request for a writ of mandamus does not ask the Court to compel an officer or employee of the United States or any federal agency to perform a duty owed to him. Instead, he asks the Court to issue the writ to compel a *state official* to act. This the Court cannot do under § 1361. *Longie v. Spirit Lake Tribe*, 400 F.3d 586, 591 (8th Cir. 2005) (rejecting the argument that the district court had jurisdiction over the plaintiff's requests for a writ of mandamus under 28 U.S.C. § 1361 because "he ha[d] not named a federal officer as a defendant"); *Udoh v. Clerk of the Minn. App. Cts.*, No. 21-CV-1031 (PJS/HB), 2021 WL 2010778, at *1 (D. Minn. May 20, 2021) ("[A] court may only issue a writ of mandamus under § 1361 to compel a *federal* officer, employee, or agency to perform a duty owed, and all of the respondents in this case are *state* actors."); *Hebert v. Winona County*, 111 F. Supp. 3d 970, 975–76 (D. Minn. 2015) ("[T]his Court lacks the power to issue a writ of mandamus compelling a *state* actor to act.").

The conclusion is the same when applying the All Writs Act. That statute provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions. . . ." 28

U.S.C. § 1651(a). This provision does not allow Mr. Rivera to obtain the relief he seeks because federal courts do not have the power to issue a writ of mandamus to a state court. *In re Trammell*, 725 F. App'x 193, 194 (3rd Cir. 2018) (per curiam) (explaining that the court lacked the authority to address the petitioner's request for a writ of mandamus to void a sheriff's sale of a property and collecting cases from other circuits); *Udoh*, 2021 WL 2010778, at *1 (explaining that the petitioner could not obtain a writ of mandamus under § 1651 because the district court "has no authority to issue a writ of mandamus telling a state court how it must perform its judicial duties").

The cases Mr. Rivera cites in his Objection do not suggest otherwise. For example, in *Santobello v. New York*, the Supreme Court vacated the defendant's sentence and remanded the case for resentencing when a prosecutor violated the plea agreement, but there the Court accepted the case on direct appeal from the New York Court of Appeals pursuant to 28 U.S.C. § 1257. 404 U.S. 257 (1971). *Santobello* did not involve a request for a writ of mandamus at all. Similarly, the court in *United States v. Hallam* considered whether a lower court improperly set aside a plea agreement, but said nothing about a federal court's authority to order a state court to take particular action. 472 F.2d 168 (9th Cir. 1973). And while it is true that both *La Buy v. Howes Leather Company*, 352 U.S. 249 (1957), and *Schalgenhauf v. Holder*, 379 U.S. 104 (1964), involve writs of mandamus, they are examples of the Supreme Court issuing a writ ordering a lower *federal* court to take particular action—neither involved a state actor. These cases

4

simply do not undermine the correctness of the Magistrate Judge's conclusion that this Court lacks jurisdiction to issue a writ of mandamus to compel the state court to take a particular act with respect to his plea agreement.

Finally, because the Court agrees with the R&R that because jurisdiction is lacking, Mr. Rivera's other requests for relief are moot. [R&R at 4].

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation [ECF No. 5] is **ACCEPTED**;

2. Petitioner's Objections [ECF Nos. 6, 7] are **OVERRULED**;

3. Petitioner's Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] and Motion for a Waiver to File the Number of Copies [ECF No. 4] are **DENIED** as moot; and

4. This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Let Judgment be entered accordingly.

Date: September 19, 2022

                                                *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge